JANE How *et al.*, Plaintiffs in Error, *v.* JOHN MORTELL *et al.*, Defendants in Error.

### ERROR TO COOK.

Courts of equity are invested with jurisdiction to decree a new trial at law, where a judgment has been obtained by fraud, mistake, or accident.

Where a court of equity directs a judgment at law in ejectment to be set aside and the possession restored, its jurisdiction is ended, and the parties should be left to a court of law for an adjudication of their rights.

IN this case the action at law was in ejectment, commenced in 1855, by the plaintiffs in error against the defendants in error, to recover about half an acre of land.

It is alleged that an agreement was made, soon after the suit was commenced, between the attorneys of the parties, that the case should not be tried without notice from each to the other. It appears that the attorney for plaintiffs left the State, and another was employed in his stead. The case was tried two years after it was commenced, in November, 1857,

by the new attorney for plaintiffs, no person being present for defendants. It is alleged that this was a violation of the agreement. It is also claimed that defendants and their attorney had no knowledge of such trial and judgment for eighteen months after it was rendered, and as a reason therefor, that the parties relied on the agreement made between the original attorneys, and a further agreement subsequently made that the suit should be dismissed.

The bill rests on the charge of fraud in obtaining the judgment.

A feigned issue was raised and tried on the law side of the Cook Circuit Court.

A final decree was then rendered upon the bill, answer and replication, and the finding of the jury, and it was ordered that the complainants were entitled to the possession of the premises, describing them as in the feigned issue, and perpetually enjoining the defendants from interfering with the premises, and ordering the defendants to pay the costs.

The defendants below now bring the case to this court by writ of error.

W. C. GOUDY, for Plaintiffs in Error.

B. S. MORRIS, for Defendants in Error.

WALKER, J. Courts of equity are invested with jurisdiction to decree new trials at law, when the judgment has been obtained by accident, mistake or fraud. This is the well recognized practice of the court. In this case it was clearly established, by the evidence of Harvey, the attorney for the defendants in error, that the agreement was made and violated, as alleged in the bill, and whether by fraud or accident, the effect upon the rights of the parties is the same. That it was violated by design, seems to be clear, from the fact that the first writ of possession was sued out, but not executed within the year after obtaining the judgment. The second writ, which was executed, was not issued till after the expiration of the year. Why this delay until the right of taking a

new trial was gone, unless it was to obtain an advantage over the other party ?

The plaintiffs in error knew that any effort to execute the first writ would apprise defendants in error that the judgment had been obtained in violation of the agreement, and that steps would be speedily taken to procure the statutory new trial. The evidence seems to have warranted the decree granting a new trial.

It is, however, urged, that it was error in the court below, on the hearing of the bill, to proceed to settle the title and adjust the legal rights of the parties. There was nothing alleged in the bill showing that the defense to the ejectment suit was in equity. It is contrary to all the rules of proceeding to try an ejectment suit in a court of equity. In all cases in which the title is legal and not equitable, the remedy is ample and complete at law, and no necessity can exist requiring the chancellor to assume jurisdiction. When the question of fraud or mistake was found to exist, and that the judgment at law was set aside and the new trial granted, the impediment to proceeding at law was removed, and the jurisdiction of the chancellor was at an end. The court below therefore erred in proceeding to a trial and decree on the title.

And as the parties had no right to receive or retain any benefits from the fraud or mistake producing the judgment, the court did right in decreeing the possession to be restored, to abide the event of a trial of title in the ejectment suit. A party obtaining an unjust advantage, has no right to retain it. By restoring the possession to the complainants, the parties were properly placed in the same positions they occupied before the judgment at law was obtained. Of this, plaintiffs in error have no right to complain.

The decree of the court below is reversed, and the cause remanded.

*Decree reversed.*