CHARLES L. ANDERSON

*v.*

MARY H. HAWHE.

*Filed at Ottawa November 14, 1885.*

1. CREDITOR'S BILL—*to enforce payment of a void judgment—entry of judgment without jurisdiction of person of the defendant—appearance by attorney without authority.* A creditor's bill can not be predicated upon a void judgment, as, where the court had no jurisdiction of the person of the defendant in the suit in which the judgment was rendered.

2. In this case, a suit at law was commenced by attachment. There was no personal service on the defendant. Several demurrers were filed to the declaration, however, in the name of the defendant, by an attorney at law, all of which were sustained, and amendments allowed, except the last, which purported to be a "special" appearance, and which was overruled, and defendant ruled to plead. Afterwards, the record states, "came the said defendant and her attorney, and withdrew their appearance in said cause." Then a default for want of plea, assessment of damages, and personal judgment entered. The attorney was not authorized by the defendant to appear for her in the suit for any purpose whatever. On creditor's bill filed to enforce the payment of this judgment, the defendant set up these matters in her answer, and also by way of cross-bill, as showing that in the suit in which the judgment sought to be enforced was rendered, the court had no jurisdiction of her person. The defence was held to be availing as against the creditor's bill. The judgment at law was rendered without the court having jurisdiction of the person of the defendant, either by service of process upon her, or by any authorized appearance in her behalf, and was therefore absolutely void, and the person against whom it was rendered had the right to question its validity.

3. On the suggestion that the appearance by the attorney was special, for a particular purpose, and hence the defendant was not in court by the filing

3—115 ILL.

of the demurrer so as to authorize the judgment, the court would not stop,to determine whether the appearance was special or general. The attorney having no authority whatever from the defendant to appear in the case, and as his acts were entirely unauthorized, what he did could not be binding on her.

4. While in such a case the attorney might, in an appropriate action, be held to respond in damages, yet the court is not prepared to hold that a person may have his property taken in satisfaction of a void judgment, and be turned over to an insolvent attorney for redress, which might often be the case if a judgment like the one in question could be enforced.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

The judgment, the payment of which was sought to be enforced by the creditor's bill in this case, was obtained under the following circumstances:

John and Johanna Anderson, on the 3d day of October, 1879, commenced a suit by attachment in the circuit court of Cook county, against Mary H. Hawhe. On June 9; 1880, the following demurrer was filed:

"And the said defendant, by John W. Waughop, her attorney, comes and says the said declaration, as amended, is not sufficient in law to require the plea of the said defendant, and this she is ready to verify, and prays judgment.

J. W. WAUGHOP, *Att'y for defendant.*"

There were several other demurrers, which were all sustained, and leave given to the plaintiff to amend. The last demurrer which was filed begins: "And the said Mary H. Hawhe comes and further specially appears and defends," etc. On the 14th day of October, 1882, this demurrer was overruled, and defendant ruled to plead within ten days. On the 21st day of October, 1882, the following order was entered: "This day came the said defendant and her attorney, and withdrew their appearance in said cause." On the 30th of October, 1882, the default of the defendant was taken for want of plea. On the 7th day of December, 1882, a jury was

called to assess the plaintiff's damages, and on the 18th day of December, 1882, plaintiff obtained judgment for $1617. An execution was issued, and returned unsatisfied. There was no service of process on the defendant in the suit at law, and she alleges, in defence to the creditor's bill, that the attorney, Waughop, had no authority to enter her appearance in the cause for any purpose.

The answer to the creditor's bill to enforce the payment of this judgment, set up the want of jurisdiction of the person of the defendant in defence, and also by cross-bill the same matters were alleged. Upon a hearing it was decreed "that the amended creditor's bill be and the same is hereby dismissed for want of equity; further, that the suit in which judgment was rendered against the said Mary H. Hawhe in favor of John Anderson and Johanna Anderson, and by them sold and assigned to the complainants in the creditor's bill, Charles L. Anderson, upon which the said amended creditor's bill was based, was an action by attachment, in which land was attached, but in which there was no personal service on said Mary H. Hawhe, and no appearance by her, or by authority from her; that the appearance of John W. Waughop as counsel and attorney for Mary H. Hawhe in that case was unauthorized by said Mary H. Hawhe; that the appearance in that case was a special appearance, which was withdrawn before judgment in that case; that the circuit court rendered a general judgment in said attachment suit against Mary H. Hawhe, which judgment was rendered without jurisdiction of the person of said Mary H. Hawhe, * * * and the said judgment was and is void for want of jurisdiction of the circuit court over the person of said Mary H. Hawhe. It is therefore hereby ordered, adjudged and decreed, that the order and judgment of the circuit court of Cook county, in and for the county of Cook and State of Illinois, rendered and entered on the 18th day of December, 1882, for $1617, in favor of John Anderson and Johanna Anderson, against the

said Mary H. Hawhe, be and the same is hereby vacated, set aside, and wholly for nothing esteemed, for want of jurisdiction of the said circuit court, at the rendition of said judgment over the person of said Mary H. Hawhe, to authorize a general judgment in said attachment suit." Upon a hearing in the Appellate Court, that decree was affirmed.

Mr. AUGUST MARX, for the plaintiff in error:

The judgment against Mrs. Hawhe, rendered in the circuit court December 18, 1882, is conclusive, and can not be collaterally attacked on the ground that the attorney had no authority to appear for her. *Hamilton* v. *Wright,* 37 N. Y. 502; *Brown* v. *Nichols,* 42 id. (3 Hand.) 26; *Ferguson* v. *Crawford,* 7 Hun, 25; *Abbott* v. *Dutton,* 44 Vt. 546; *Denton* v. *Noyes,* 6 Johns. 295.

The remedy is against the attorney. *Cyphert* v. *McClune,* 22 Pa. 195; *Munnikuyson* v. *Dorsett,* 2 H. & G. 374; *Heuck* v. *Todhunter,* 7 id. 275; *Griggs* v. *Gear,* 3 Gilm. 2. Or by motion to set aside the judgment in the court where rendered. *Lyon* v. *Bolvin,* 2 Gilm. 629; *Critchfield* v. *Porter,* 3 Ohio, 519.

Equity has no jurisdiction. *Bunton* v. *Lyford,* 37 N. H. 512; *Critchfield* v. *Porter,* 3 Ohio, 519.

The demurrer filed by Waughop amounted to a general appearance in the case, and the court acquired jurisdiction over Mrs. Hawhe thereby. *Cropsey* v. *Wiggenhorn,* 3 Neb. 116; *Insurance Co.* v. *Palmer,* 81 Ill. 88; *Easton* v. *Altum,* 1 Scam. 250.

An appearance will be taken to be general unless the contrary appears. *Flake* v. *Carson,* 33 Ill. 518.

The parties had a right to presume that Waughop possessed all the general powers implied by law. *Cameron* v. *Stratton,* 14 Bradw. 270.

The court and adverse party had a right to presume that Waughop had authority to appear for Mrs. Hawhe. *Williams*

v. *Butler*, 35 Ill. 544; *Martin* v. *Judd*, 60 id. 78; *Leslie* v. *Fischer*, 62 id. 119; Weeks on Attorneys, p. 345, sec. 197.

Can Waughop, by his own unsupported evidence, rebut that presumption in a collateral proceeding?  We submit that his evidence is not sufficient.

Mr. J. Waughop, for the defendant in error:

The validity of the judgment may be contested on a creditor's bill.  *Higgins* v. *Curtis*, 82 Ill. 28.

The court did not err in holding that the appearance of Waughop was special, because it was by demurrer, and was on the face of the demurrer stated to be a special appearance, and this special appearance was withdrawn, which left the plaintiff in that case being in attachment, and he, having duly advertised, had a right to his special judgment, instead of which he took a general judgment, which judgment the Superior Court in this case has set aside.  *Inman* v. *Alport*, 65 Ill. 540; *Campbell* v. *McCahan*, 41 id. 45; *Jones* v. *Byrd*, 74 id. 115.

The Revised Statute, chap. 11, sec. 35, says where the defendant appears and answers the action in an attachment suit, the judgment may be in form personal and general.  Now, a demurrer is not an answer, but an objection, stating that the party is not bound to answer.  At law, the plea or notice going to the merits is the party's answer to the charge against him.

Appearing and pleading to the merits will give jurisdiction in attachment of the person where there is no personal service, but nothing short of a plea to the merits is sufficient to authorize a general judgment.  *Duncan* v. *Charles*, 4 Scam. 561; *Palmer* v. *Logan*, 3 id. 56; *Johnson* v. *Buell*, 26 Ill. 66; *Railroad Co.* v. *Reynolds*, 72 id. 487; *McNab* v. *Bennett*, 66 id. 158; *Jones* v. *Byrd*, 74 id. 115.

An appearance, when held special: *Frazier* v. *Reson*, 23 Ill. 87; *Abbott* v. *Semple*, 25 id. 107; *Flake* v. *Carson*, 33 id. 518.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a creditor's bill, brought by Charles L. Anderson, to enforce payment of a judgment rendered in the circuit court of Cook county, on the 18th day of December, 1882, in favor of John and Johanna Anderson, against Mary H. Hawhe, for the sum of $1617. The defendant, Mary H. Hawhe, put in an answer to the bill, and also filed her cross-bill, in which she set up that the circuit court, in which the judgment was rendered against her, had no jurisdiction over the person; that she never was served with process, did not appear in the case, and never authorized any appearance, and that as to her the judgment was void.

It appears from the record, that the suit in which the judgment was rendered was an action by attachment. No service by summons or publication of notice was had on the defendant in the action, but J. W. Waughop, an attorney at law, appeared in court, and in the name of the defendant filed a demurrer to the declaration, and this is relied upon to confer jurisdiction on the circuit court of the person of the defendant in the action. The proof is clear that Waughop was never employed by Mary H. Hawhe to appear in the case, and he had no authority whatever to act for her or in her behalf.

The attorney, Waughop, as to his authority to appear in the case, testified as follows: "I filed the demurrer in the case of *John Anderson et al.* v. *Mary H. Hawhe.* I was the administrator of Arthur J. Hawhe. Saw the case quoted in bulletin, and without having conferred with Mrs. Hawhe, or having any communication or authority from her at all, I put the demurrer in the case." On cross-examination he further testified: "I have practiced law thirty-four years. I swear that I had no authority to enter a special or general appearance in the case of *Anderson* v. *Hawhe*, circuit court, Cook county." This evidence was corroborated by the defendant,

Mary H. Hawhe, so that the fact remains undisputed that the defendant was not served with process, and authorized no one to appear in the case for her.

Where a judgment has been rendered without the service of process on the defendant, and without an appearance, can a creditor's bill be predicated upon such a judgment in a court of equity? Where a court renders judgment against a defendant, where the court has no jurisdiction of the person, no argument is needed to prove that such a judgment is void, and a creditor's bill could not be predicated on a void judgment. Here, an attorney at law appeared and interposed a demurrer to the declaration. He claims, in his evidence, that the appearance was special, for a particular purpose, and hence that the defendant was not in court by filing the demurrer so as to authorize the judgment. We shall not stop to determine whether the appearance was special or general. The attorney had no authority whatever from the defendant to appear in the case, and as his acts were entirely unauthorized, what he did could not be binding on her. It would be establishing a dangerous precedent to hold a judgment valid where there had been no service, merely for the reason that an attorney had appeared on his own motion, without authority, and filed some sort of a plea in the case. In such a case the attorney might, in an appropriate action, be held to respond in damages; but what relief would that afford to the injured party? We are not prepared to hold that a person may have his property taken in satisfaction of a void judgment, and be turned over to an insolvent attorney for redress, which might often be the case if a judgment like the one in question could be enforced. In *Higgins* v. *Curtiss*, 82 Ill. 28, where a creditor's bill was filed to enforce payment of a judgment of the county court allowing a claim against an estate, it was held that the administratrix, who was sole devisee, might show that the judgment was fraudulent and inequitable. In *Griggs* v. *Gear*, 3 Gilm. 2, it was held that chancery would afford

relief where the party's appearance had been entered without authority.   In the case under consideration we regard the judgment as absolutely void, and the person against whom it was rendered had the right to question its validity.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*