## WILLIAMS et al. v. NETH.

1. APPEARANCE BY UNAUTHORIZED ATTORNEY—NO JURISDICTION OBTAINED BY.

When an attorney, entirely unauthorized, appears for a defendant who has not been served by summons, and who has no notice or knowledge of the action until after judgment, such appearance is not voluntary and does not give the court jurisdiction of the defendant, and the court will set aside a judgment so rendered.

2. SAME. QUALIFIED PROMISE TO PAY—NOT AN ESTOPPEL.

And in such case, a promise by such defendant that he would see his co-defendant who had appeared in the action, and have him settle it, is not such an act as would estop such party from attacking the judgment for want of jurisdiction.

Filed February 11, 1887.

Appeal from the district court of Yankton county.

Special appearance and motion to vacate judgment for want of jurisdiction of defendant.

The facts as found by the court upon the record submitted are sufficiently stated in the opinion.

*N. J. Cramer,* for plaintiffs and appellants.

An unauthorized appearance of an attorney for the defendant not served with process, without fraud or collusion, is a good appearance and confers jurisdiction on the court.

Section 108 of the code of procedure provides that a voluntary appearance of the defendant is equivalent to a personal service of the summons upon him. This question has been before the courts of New York before and since the adoption of the Code, and they have held that the appearance of an unauthorized attorney, was binding on the party, and the court obtained jurisdiction thereby. Hamilton v. Wright, 37 N. Y. 502; Brown v. Nichols, 42 N. Y. 26.

This rule is based not entirely upon the law of agency, but upon reasons of policy and justice which are discussed in the case of Denton v. Noyes, 6 John, 296, and in Hamilton v. Wright, 37 N. Y. 502. The same doctrine was affirmed in Gage v. Babcock, 48 N. Y. 154 (160); Ferguson v. Crawford, 70 N. Y. 253; Seale v. McLaughlin, 28 Cal. 669; McConley v. State, 21 Md. 569; Fowler v. Lee, 32 Am. Dec. 172; American Insurance Co. v. Oakley, 9 Page, 496; Jackson v. Stewart, 6 Johns, 34; Petters v. McClannahan, 52 Ala. 55.

One co-defendant may employ an attorney for other codefendants, and the appearance by such an attorney for all will bind all. Scott v. Larkin, 13 Vt. 112, and cases cited; Abbott v. Dutton, 44 Id. 446, 550; 8 Am. Rep. 394; Lakin v. Kignon, 12 Abb's Pr. 192; Leahney v. Kignon, 22 How Pr. 209.

The respondent did not offer any evidence or attempt to show that Oliver Shannon was not a reputable and responsible attorney.

No fraud or collusion has been charged in the case, but it is proved and admitted that the plaintiffs relied upon the appearance of the attorney who appeared for the defendants, and they

acted in good faith and without notice and knowledge of the want of authority of Oliver Shannon to appear.

The defendant has affirmed and ratified the appearance and acts of Oliver Shannon and the judgment of the court, and now is bound by them and estopped from disaffirming them.

If a principal does not intend to abide by the acts of his agent he must dissent in a reasonable time. If he fails to do this an assent or ratification will be presumed. Cairens v. Bleecken, 12 Johns, 300; Benedict v. Smith, 10 Paige, 127; Bridenbecker v. Lowell, 32 Barb. 9; Gage v. Sherman, 2 N. Y. 417; Seymour v. Wyckoff 10 N. Y. 213; Veazie v. Williams, 8 How. 134; Bingham v. Peters, 1 Gray, 139; Nixon v. Palmer, 4 Shelden 398; Bliss v. Cottle, 32 Barb. 322; Com. Bank v. Warren, 1 E. P. Smith, 577; McEvers v. Morkler, 1 John Cas. 248; P. & B. Paper Works v. Willett 14 Abb. 119; same case, 444; Lawrence v. Jones, 15 Abb. 110; 16 How. 129; 9 Id. 7; 6 Abb. 307; Reynolds v. Fleming, 1 Pac. Rep. 61; Seale v. McLaughlin, 28 Cal. 668.

*Robert B. Tripp*, for respondent.

The judgment was void for want of jurisdiction. A party who accepts the appearance of an attorney in lieu of service assumes the burden, and if unauthorized, the proceedings and judgment are void. Shelton v. Tiffin, 6 How. (U. S.) 163–86; Arnett v. Webb, 1 Dillon, 362; Reynolds v. Flemming, 46 Am. Rep. 86 (Kan.); 20 Iowa, 161; 41 Iowa, 479; 70 N. Y. 253; McKelway v. Jones, 2 Harr. (N. J.) 248.

Such a judgment will be set aside without a showing of merits or vigilance. Harris v. Hardman, 14 How. (U. S.) 334; Hanson v. Holcott, 19 Kan. 207; Weatherbee v. Weatherbee, 20 Wis. 499; 9 Kan. 674; 16 How. Pr. 871; 42 N. Y. 26.

The judgment being void, lapse of time or knowledge of its existence, would not render it binding. Even a promise to pay made after its rendition would be without consideration. 14 How. 334 cited; 70 N Y. 253; 19 Kan. 207; 20 Wis. 499; Clark v. Little, 41 Iowa 497.

Sec. 1349 Civil Code relating to ratification has no application to this case.

Neither is this the case where a party has acted on the faith of a judicial record. The plaintiff has knowledge of all the facts.

An examination of the opinions of the judges in the New York cases shows that were it a new question there, they would hold a judgment founded upon an unauthorized appearance of an attorney subject to a collateral attack. The Denton v. Noyes case, 6 Johns. 296, is regarded in conflict with Bates v. Voorhies, 20 N. Y. 525; (Mr. Justice GROVER, 42 N. Y. 26, 36.) It is believed that decisions of that character cannot now be sustained. Hare and Wallace's note to Bayley and Buckland, 1 Exch. 1, 7. 20 Ia. 161.

FRANCIS, J.   November 18, 1880, judgment was rendered on the verdict of a jury in favor of the plaintiffs, and against the defendants, for the sum of $900, in the district court in and for the Second judicial district, Dakota territory, county of Yankton, in an action wherein George K. Williams, Henry S. Williams and Roger B. Williams (the appellants) were plaintiffs and Frank Hefner, Adolph Schandein and George Neth (the respondents) were defendants. The defendant Frank Hefner, through Oliver Spannon, a practicing attorney, answered (or attempted to answer) for himself and his co-defendants, and said Shannon served a copy of said answer upon the attorney of the plaintiffs, and undertook to act in said action as the attorney of all the defendants. The summons and complaint were personally served on defendant Hefner by the sheriff, but on neither of the other defendants, Adolph Schandien and George Neth, the sheriff returning upon the summons that they "could not be found in my county." The answer was not signed by said Oliver Shannon, but was signed "OLIVER SHANNON, Atty. for Defts., per E. L. T." See Transcript.

As already stated judgment was rendered November 18, 1880, and August 6, 1885, the defendant George Neth (appearing specially for that purpose) moved to set aside and vacate the judgment as to him, on the ground that he was not served with the summons, and did not have notice of the pendency of the action, and that said Oliver Shannon was unauthorized to

appear for him; and August 7, 1885, the judgment was vacated
and set aside as to him, and the judgment docket thereof can-
celled, by judgment duly rendered and entered in the district
court of the Second judicial district, Dakota territory, held in
the county of Yankton.    To this judgment and the whole there-
of, the plaintiffs excepted, and took their appeal, making four
assignments of error; the first, second and third of which are
nearly identical, and in substance that the court erred in grant-
ing the motion of the defendant George Neth, and in rendering
the judgment referred to; and the fourth assignment of error
is that said order vacating the judgment as to defendant Neth
is against the evidence.

It satisfactorily appears, from the evidence submitted to this
court, that the defendant George Neth was never in any man-
ner served with the summons in said action; that the said
George Neth never, in any way or manner, directly or indi-
rectly, authorized the said Oliver Shannon to appear for him,
or defend said action in his behalf; that said Oliver Shannon
admitted service of the notice of trial for all the defendants and
tried the case for all the defendants; that the said George Neth
had no knowledge whatever of the beginning or prosecution of
said action, or the judgment rendered against him thereunder,
until long after said judgment was rendered; that said George
Neth can neither speak nor understand the English language
when it is spoken to him, and that he needs an interpreter
when he is addressed or communicates in that language; that
the said George Neth has never promised to pay said judgment
as a binding judgment against him, the extent of his promise
being that he would see said Hefner, and have him settle it,
and any offer or promise to pay the judgment that the said
Neth may have made was qualified, as being made in view of
assisting said Hefner, and cannot be taken, under the circum-
stances of this case, as an acknowledgment by the said Neth of
the validity or binding force of said judgment as to him, said
Neth; that although the said judgment was rendered November
18, 1880, and although said Neth appears to have owned real
estate in the county of Bon Homme, still, up to the time the

said George Neth made application to the court to have said judgment set aside, no execution had been issued against his property upon said judgment, or attempt made to collect the amount of said judgment of him, or out of his property, by any legal or judicial proceeding, nor does it appear that any execution has ever issued as to the said George Neth; that the said George Neth has never ratified the act of the said Oliver Shannon in appearing for him (Neth) in said action, in which said judgment was rendered against said Neth, neither did he repudiate it up to the time of his application to have the judgment set aside; that the said George Neth, if he was liable at all in the said action brought against him and the other defendants, was not liable as a principal debtor, but as a guarantor for the faithful performance, by said Frank Hefner, of the terms of a certain contract to be by the said Hefner kept and performed; and that when the said George Neth became aware of the real or apparent effect of said judgment, as against him and his property, he made application to the court to have the judgment set aside as to him.

It does not appear that any effort has been made to collect the amount of said judgment from said Hefner, nor from said Schandien, and it is alleged in affidavit of the attorney for the appellants that "plaintiffs have been unable to find any property in said territory or elsewhere owned by either said Hefner or said Schandein that said judgment could be collected or made out of, and the deponent believes that they have no property amenable to execution on said judgment, or that is not exempt by the law of said territory, and that, unless said judgment can be collected out of the property of said Neth, it cannot be collected at all." But this is no reason why the said defendant George Neth should be held liable, or deprived of any of his right, in law or equity.

No elaborate discussion of the fine distinctions found in the decisions with reference to the point whether an unauthorized appearance of an attorney binds the defendant, and gives the court jurisdiction, is called for in this case. The defendant George Neth appears to have acted in ignorance of what might

have been quite readily perceived by a brighter man, or one better versed with respect to the provisions of our laws, and their application and effect; but he certainly appears to have also acted in good faith, and no fraud or evasion is or can be imputed to him under the evidence.

When an attorney, entirely unauthorized, appears for a defendant who is not served with summons or process, and who has no notice or knowledge of the action until after judgment is rendered against him, such appearance is not the "voluntary appearance" which, under Section 108 of the Code of Civil Proceedure, is made equivalent to personal service of the summons upon him; and such appearance does not give the court jurisdiction of the person or property of said defendant, so as to make the judgment binding upon him or his property, against his will, and the court rendering the judgment, or the appellate court on appeal, will, upon proper application by the defendant, set aside or modify the judgment, or grant such relief as law or equity may require, having a view to the facts and circumstances of each particular case. It will not be disputed that, in fact, the defendant, George Neth, was never in court of his own knowledge, will or volition; neither was he ever brought there by means of any judicial process served upon him; nor was he represented there with his own knowledge or consent; and, in fact or in law, the attorney who undertook to appear for him having no authority thus to appear, the court did not have such jurisdiction of the person of the defendant George Neth, when it heard the case and rendered the judgment complained of, as to make said judgment valid and binding with respect either to the person or property of the defendant.

The court, then, having no such jurisdiction of the person of the defendant George Neth, when it rendered judgment against him, as would make said judgment valid as to the person or property of said defendant, has anything occurred since the judgment was rendered that would legally or equitably cause said judgment to attach to the person or property of

George Neth, or make him liable under said judgment? I think not.

After a careful examination of all the pleadings and evidence submitted to this court, I am satisfied that, under the circumstances of this case, the errors assigned were not well taken, and that the judgment of the district court setting aside the judgment obtained against said George Neth, on the unauthorized appearance of Oliver Shannon, attorney, was right in law, and warranted by the facts fairly deducible from the evidence.

The judgment of the district court is affirmed.

All the justices concurring, except LOUIS K. CHURCH, J., who did not sit in the case.