WILLIAM G. LANCASTER

*v.*

TAYLOR A. SNOW.

*Opinion filed February 21, 1900.*

APPEALS AND ERRORS—*writ of error does not stay proceedings.* A writ of error does not operate to stay proceedings so as to prevent the issuing of a writ of assistance unless the writ of error is made a *supersedeas* in one of the modes prescribed by section 77 of the Practice act. (Rev. Stat. 1874, p. 784.)

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

C. M. HARDY, for appellant.

HENRY D. BEAM, for appellee.

Per CURIAM: The decree below might properly be affirmed for want of compliance with rule 15 of this court upon the part of counsel for appellant. The only state-

ment of the case is that it is an appeal from a writ of assistance. The ground of appeal is stated to be, that appellant "is now prosecuting a writ of error in this cause in general No. 902, now pending in this court at the present term, and that the disclosures in the record in that case show conclusively that no writ of assistance should have been granted before the final determination of that case. The briefest reference to the record in that case ought to avail, and the law is plain,"—citing three decisions of this court, which have no application to the case so far as it appears from what is stated,—and this is the whole of the brief and argument presented. The abstract, of about thirty-eight pages, refers to a record of more than seventy pages, and we are invited to refer to that record to support appellant's assignment of error, without even reference to pages, much less to parts of the record. In fact, as shown by the brief and argument of appellee, the question is whether a writ of error in the case referred to (902) would prevent the issuance of the order of assistance here appealed from, there being no *supersedeas* issued upon the writ of error. It is not claimed that the writ, which was to put appellee in possession of certain premises, would not have been proper but for the writ of error. Section 77 of chapter 110 of the Revised Statutes provides that no writ of error shall operate as a *supersedeas* unless this court, or the Appellate Court in cases brought to that court, or some judge thereof in vacation, after inspecting a copy of the record, shall order the same to be made a *supersedeas*, or until a bond is given, etc. Our rules are framed so as to give effect to this statute. The writ of error without a *supersedeas* does not, of itself, stay the proceeding, and to argue otherwise would be to contend that a party might have the same relief upon a writ of error without *supersedeas* and without bond as he would be entitled to upon an appeal.

The judgment of the superior court will be affirmed.

*Judgment affirmed.*