JAMES E. CASSIDY

*v.*

THE AUTOMATIC TIME STAMP COMPANY *et al.*

*Opinion filed April 17, 1900.*

1. JUDICIAL SALES—*when execution sale may be set aside.* A defendant not served with summons may maintain a bill in equity to impeach the sheriff's return, cancel the judgment and set aside the execution sale, where the purchaser at the sale was the plaintiff's agent, who paid nothing on his purchase but conveyed to the plaintiff's attorney of record, who in turn conveyed to the plaintiff, in whom the title remains, unaffected by the rights of third parties.

2. JURISDICTION—*suing out writ of error does not acknowledge trial court's jurisdiction of person.* The suing out of a writ of error to reverse a judgment for errors apparent on the face of the record is not a recognition of the trial court's jurisdiction of the plaintiff in error, nor does the affirmance of such judgment bar a bill in equity to impeach the judgment for matters *dehors* the record brought into review by the writ of error.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

RUFUS COPE, and ROBERT GILRAY, for appellant.

ALLEN & BLAKE, and MARVIN E. BARNHART, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

But a single error is assigned: that the chancellor erred in sustaining a demurrer to the bill in chancery filed herein by the appellant against the appellee. The bill prayed that a certain judgment entered in favor of the appellee company, against the appellant and the appellees Mary and Joseph Bachner, should be annulled, and that the sale of certain tracts of land and city lots made by virtue of an execution issued on the judgment should be vacated, on the ground that, as the bill alleged, the judgment was rendered without jurisdiction over the

persons of the defendants thereto, and that a number of different tracts of land and city lots, some of which belonged to the complainant individually and others to other defendants in the judgment, all being owned separately, were struck off and sold *en masse* at grossly inadequate prices, so that no one owner could redeem without redeeming the property of another owner. The bill averred a summons was issued in the suit which resulted in the judgment, but expressly denied service thereof was had on any of the defendants. The bill further alleged the complainant was advised that the appearance of the complainant and the other defendants was entered in the suit, but expressly denied that any one was authorized to make such entry of appearance, or that the complainant had any knowledge that such appearance was or was to be entered.

Construing the pleading most strongly against the pleader, it may be assumed it appeared from the return of the sheriff that the summons had been served on the defendants, and that it appeared from the recital of the judgment the appearance of the defendants had been entered by an attorney. The question then arises whether such return of the sheriff of service of the summons or the entry of appearance by an attorney can be impeached by evidence *dehors* the record in a proceeding of this character.

It was held in *Griggs* v. *Gear*, 3 Gilm. 2, and in *Anderson* v. *Hawhe*, 115 Ill. 33, a judgment entered on entry of appearance by a person purporting to have authority, as attorney, to enter such appearance, could be impeached by bill in equity on the ground the entry of appearance was unauthorized. In *Lancaster* v. *Snow*, 184 Ill. 163, such entry of appearance was held not conclusive but *prima facie* only, and therefore open to collateral attack by bill in equity. The general rule is, the return of the sheriff showing service of summons is conclusive except when directly attacked in a suit against the officer for a false

return.  But there are exceptions to the rule.  In *Owens* v. *Ranstead*, 22 Ill. 161, *Brown* v. *Brown*, 59 id. 315, *Hickey* v. *Stone*, 60 id. 458, and *Davis* v. *Dresback*, 81 id. 393, it was ruled that under the circumstances of those respective cases the return of a sheriff showing service of the process of summons could be impeached collaterally.  In *Brown* v. *Brown*, *supra*, it was said:  "It is perfectly well settled, as a general rule, that the return of an officer can not be disputed.  Where it is sought to contradict the return collaterally, and after rights have been acquired upon its faith, or innocent persons are to be injuriously affected, courts should firmly apply the rule.  Such has been the action of this court in cases of that character. While, however, this is the well established general principle, cases have occasionally occurred, and will continue to do so, which, in order to prevent the perpetration of a great wrong, must be treated as exceptional."  In *Davis* v. *Dresback*, *supra*, we said:  "Where third parties have not acquired rights upon the faith of a return of service by a sheriff, and none are to be affected except the parties to the record in the case in which the return is made, it is proper to resort to parol evidence for the purpose of impeaching the return of the sheriff."  In *Rivard* v. *Gardner*, 39 Ill. 125, it was held parol evidence could not be admitted to contradict the return of the sheriff for the reason third parties had acquired rights on the faith of the return; but, speaking with reference to the ruling in the case of *Owens* v. *Ranstead*, *supra*, it was said (p. 128): "But that was not a case where the rights of third persons had intervened upon the faith of the record.  It was a bill brought by the defendant in an execution against the plaintiff to enjoin its collection, upon the ground that the service and return were fraudulent and false, and that nothing was, in fact, due to the party who had obtained the judgment.  None but the parties to the judgment could be affected by the impeachment of the sheriff's return; and we see no reason to doubt the correctness of

that decision, though we are not disposed to extend it." In *Hunter* v. *Stoneburner,* 92 Ill. 75, (a case cited and much relied on by appellees,) it is expressly stated the rule in question is subject to rare exceptions, and cases where some other portion of the record contradicts the sheriff's return are the only exceptions specially mentioned; but in that case, Hunter, the appellant, was not a party to the judgment entered on the return, but had acquired title to the land which was the subject matter of the litigation upon the faith of the correctness of the return and the validity of the judgment entered thereon. That case clearly was not within any exception to the rule.

It appeared from the allegations of the bill in the case at bar that the rights and interests of third parties had not intervened. The bill alleged the appellee company was the plaintiff in the judgment sought to be vacated; that the purchaser of the land and lots at the sheriff's sale made under the judgment bought as the agent of the said company; that said purchaser conveyed to the attorney of record for the plaintiff in that case, and that said attorney conveyed to the president of the appellee company, and that such title as passed by the sale now rests in the president of the said company, the plaintiff in the judgment now sought to be attacked; that the purchaser at the sale paid nothing for his purchase; that the conveyance to the attorney to whom said purchaser conveyed, and that made by said attorney to the president of the appellee company, were without consideration, and that the other parties defendant to the bill (appellees here) were the defendants to the judgment sought to be attacked, the purchaser at the sale and the attorney for the company. The facts as thus made to appear would seem to mark this as one of the cases within the exception to the rule noted in the cases hereinbefore cited.

The bill alleged the complainant therein and the other defendants to the judgment were informed for the first time of the rendition of judgment some seven months after

it had been entered and sale of lands thereunder made, and that they prosecuted a writ of error to the Appellate Court to procure the judgment to be reversed, and that the judgment was affirmed by the Appellate Court. It is urged the action of the appellant in suing a writ of error out of the Appellate Court must be regarded as a recognition of the judgment and of submission to the jurisdiction of the court which rendered it, and operates to estop the complainant from controverting the jurisdiction of the court which rendered the judgment against him. *Swingley* v. *Haynes*, 22 Ill. 214, and *Buettner* v. *Norton & Dickinson Manf. Co.* 90 id. 415, are cited in support of this contention. Those cases hold that the filing of an appeal bond by the defendant in a judgment entered before a justice of the peace is a waiver of all defects in the process, lack of process or want of service of process before the justice. The holdings are based solely on the provisions of the statute authorizing appeals to be taken from judgments entered by justices of the peace, and do not apply here.

Herman on Estoppel (sec. 289) is cited, to the effect that prosecuting an appeal from a judgment and giving bond is a recognition of the validity of the judgment, and estops the party so appealing from denying the jurisdiction of the court over his person. In order to prosecute an appeal from a court of record the party desiring to appeal must appear in the cause, pray an appeal and procure an order to be entered fixing the terms upon which he may perfect the appeal. The jurisdiction of such an appellant is acquired, in such instances, by his voluntary appearance in the cause. But if a judgment is rendered against a person without jurisdiction of his person he may challenge the validity of such judgment by writ of error, so far as error apparent on the face of the record is concerned, if any, or by bill in equity to impeach the judgment for matters *dehors* the record. His application for a writ of error is made to the court of review and his

appearance is in that court, and such appearance has no effect to clothe the court which rendered the judgment with jurisdiction of his person. If this were not so, the writ of error would be unavailing to reverse a judgment in any case for want of jurisdiction of the person of the defendant. The matters relied on in the bill to impeach the decree are matters *dehors* the record, and were not and could not have been adjudicated by the writ of error. The judgment entered in the Appellate Court affirming the judgment on writ of error does not bar a bill to impeach the judgment for errors not apparent on the face of the record of the judgment so brought into review by the writ of error. *Stunz* v. *Stunz*, 131 Ill. 210; *Karr* v. *Freeman*, 166 id. 299.

The bill alleged the action in which the judgment desired to be vacated was rendered was on an injunction bond given by one Joseph Bachner as principal and the complainant and Mary Bachner as securities; that the injunction bond was given in a suit in equity wherein Joseph Bachner was complainant and the appellee company was defendant; that the parties to that suit entered into an agreement in which they settled and adjusted the matters in dispute and agreed that the injunction in the case should be dissolved and the suit dismissed; that the injunction was dissolved, but that, in violation of the agreement, the suit was not dismissed but was retained upon the docket without the knowledge of the said Bachner, and in further violation of the terms of the agreement the appellee company procured an assessment of damages to be made as and for the fees of the attorney for the appellee company in the said injunction suit, in the sum of $930; that under the terms of the said agreement said Bachner was not liable to pay attorney's fees in any sum, or to pay any sum whatever, except certain costs in the said injunction suit, not exceeding $28 in amount; that the reasonable attorney's fees in said injunction suit would not exceed the sum of $200. These

allegations are referred to in answer to the suggestion of counsel for the appellee company that the demurrer should have been sustained in view of the rule stated in *Hier* v. *Kaufman*, 134 Ill. 215, that a court of equity will not set aside the judgment of a court of law for an alleged want of service of process unless the judgment is shown to be unjust and inequitable.

We think the demurrer should have been overruled. The decree will be reversed and the cause remanded.

*Reversed and remanded.*