## Henry Stodgell, Defendant in Error, v. Charles H. Garnett et al., Plaintiffs in Error.

INJUNCTIONS—*when, to restrain collection of judgment, proper.*
If a plaintiff in an action promises the defendant that he will dismiss such action and the defendant relying on such promise gives no attention to the suit, a judgment obtained therein by the plaintiff is fraudulent and its collection will be enjoined by a court of equity.

Bill for injunction.   Error to the Circuit Court of Hancock county; the Hon. JOHN A. GRAY, Judge, presiding.   Heard in this court at the May term, 1910.   Affirmed.   Opinion filed December 7, 1910.

SAMUEL NAYLOR, JR., for plaintiffs in error; JOHN W. WILLIAMS and JOHN D. MILLER, of counsel.

CHARLES J. SCOFIELD and J. PAUL CALIFF, for defendant in error.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by defendant in error against plaintiffs in error to enjoin the collection of a certain judgment rendered by the Circuit Court of Hancock county in favor of Charles H. Garnett, plaintiff in error, against Stodgell, defendant in error.

The action in which the judgment was rendered was originally commenced before a justice of the peace upon a note which had signed thereto the names of defendant in error, Stodgell, his wife, Elizabeth Stodgell, and a brother, George H. Stodgell.   The suit was originally commenced by plaintiff in error, Charles H. Garnett, against the persons whose names appear upon said note.   No service was ever had upon George H. Stodgell, who was the principal maker of said note.

Upon the trial before the justice of the peace, judgment was rendered against Henry Stodgell and his

wife, Elizabeth Stodgell, for the amount of said note. Henry Stodgell prosecuted an appeal to the Circuit Court. While his appeal was pending in the Circuit Court, defendant in error contends that in several conversations had with plaintiff in error, Charles H. Garnett, the said Garnett informed defendant in error that he would appear in the Circuit Court and dismiss the said suit as against defendant in error.

Upon the appeal to the Circuit Court no summons from that court was served upon the said George H. Stodgell and before trial was had therein Elizabeth Stodgell, wife of defendant in error, died. An administrator was appointed for her estate; her death was suggested upon the record; her legal representative not being a proper party in this action the suit abated as to her.

Defendant in error insists that while the said cause was pending in the Circuit Court of Hancock county plaintiff in error, Charles H. Garnett, became satisfied that the note was a forgery so far as it related to the name of Henry Stodgell and that Henry Stodgell never signed the said note or authorized anybody to sign it for him, and being so convinced, Charles H. Garnett informed defendant in error that he need not take any more notice of the said suit and that upon the next day he would appear in said court and dismiss it. If this promise was made defendant in error, he had a right to rely on such promise. Wierich v. De Zoya, 2 Gilman 385.

At the time defendant in error alleges this conversation took place plaintiff in error gave to defendant in error a certain writing which defendant in error, without then reading it, relied upon as an agreement to dismiss the suit, but instead thereof, the paper was a notice that plaintiff in error would appear in the said court of Hancock county on a certain day and ask for an order dismissing the appeal.

Defendant in error, relying upon the alleged statements of plaintiff in error, did not go near the said

Circuit Court but on the contrary relied upon the alleged promise of plaintiff in error that the same would be dismissed.    Plaintiff in error in accordance with said writing appeared in the Circuit Court and obtained an order dismissing the appeal and denies that he had made any such statement to defendant in error.

Defendant in error was not aware of the existence of said judgment for nearly ten months after its rendition and was first informed thereof upon notice by the sheriff of the issuance of an execution on the judgment and demand for payment.

Upon a hearing the chancellor rendered a decree setting aside the judgment and granted a perpetual injunction restraining Charles H. Garnett from attempting in any manner to collect the judgment.

If this conversation occurred as insisted upon by defendant in error then defendant in error had the right to rely upon such promises to dismiss the suit, and a failure to further appear in court and defend the action was not negligence on his part.  Cassidy v. Automatic Time Stamp Co., 185 Ill. 431; How et al. v. Mortell et al., 28 Ill. 478.

Where a judgment has been obtained by fraudulent representations, deceit or other fraudulent means a court of equity has power to set the same aside and grant a new trial.    How v. Mortell, *supra;* Owens v. Ranstead, 22 Ill. 161; Wierich v. De Zoya, 2 Gilman, 385.

Defendant in error insists that the note upon which suit was so brought was forged and that the same had never been signed by him or authorized.   It is unnecessary for this court to pass upon the question whether or not the said note was so forged or not.   The only question presented by this record and by this cause is whether or not a fraud was practiced upon defendant in error by which he was induced to refrain from making any defense to said note, and upon this question the chancellor found in favor of defendant in error.   The decree rendered by the chancellor set aside the judg-

ment and granted defendant in error a new trial in the action at law on said note and permits defendant in error to make whatever defense he may see proper in that action.

The question as to whether or not plaintiff in error is entitled to recover upon said note is not an issue in this cause; and we are of the opinion that the finding and decree is fully warranted by the evidence and that the same is correct and that the court properly set the judgment aside and ordered a new trial in that cause.

There is no error in the record in this cause and the decree is affirmed.

*Affirmed.*