[Bledsoe v. Gary & Kennedy; Bledsoe Bros. v. Gary & Kennedy.]

It having been shown, however, that Toole was indebted for the rent of the storehouse; that the landlord's lien attached to the goods for the rental debt; that he sued out an attachment for rent, which was levied upon the goods in the storehouse subject to the landlord's lien, and this attachment was prosecuted to judgment in the Circuit Court; the validity of this judgment and sale of the property under the attachment can not be impeached or invalidated by proof that the rent notes upon which the attachment issued had been transferred as collateral security before the suing out of the attachment; and this would be true, even though it had not been proven, as it was, that after the attachment issued, and before judgment, the debt for which the rent notes were hypothecated as collateral security was fully paid by the landlord, and the rent notes returned to him.

It is thought that these principles will be sufficient to guide the court on another trial, without noticing in detail the several questions raised by the pleadings. The ruling of the trial court did not accord with the principles of law as here declared, and the conclusion reached was not authorized by the evidence.

The judgment is reversed, and the cause remanded.

# Bledsoe *v.* Gary & Kennedy.

# Bledsoe Bros. *v.* Gary & Kennedy.

*Attachment; Contest of Claim of Exemption.*

1. *Who may issue attachment.*—The judge of the City Court of Selma being invested by statute with all the powers and authority conferred on the judges of the Circuit Court, "including the authority to issue writs of injunction, *mandamus, certiorari,* prohibition, *ne exeat,* and all other remedial writs," and a judge of the Circuit Court having express authority to issue attachments returnable to any county in the State (Code, § 2931), the judge of said City Court may issue an original attachment, which is a remedial writ, returnable to any county in the State.

2. *Claim of exemption of personalty; subsequent levy, contest, and notice.*—When a declaration and claim of exemption to personal property has been duly filed in the proper office, the property specified is not subject to subsequent levy, unless the claim is contested as provided by the statute, or a waiver of exemptions is shown by the process (Code, §§ 2519-20; but the defendant is entitled to notice in writing of the levy, though it is not necessary for the notice to state the fact that the claim is contested.

[Bledsoe v. Gary & Kennedy; Bledsoe Bros. v. Gary & Kennedy.]

3. *Same; demand of inventory; judgment by default.*—Demand in writing for an inventory (Code, § 2525) is not the equivalent of notice of the levy and contest; and if the defendant then files an inventory, not being in default, it can not be struck from the files because not filed within the first three days of the term; and being improperly struck from the files, the plaintiff is not entitled to judgment by default, but should tender an issue.

4. *Same; waiver of notice.*—If the defendant, not having notice of the levy and contest, and not being in default, appears and files an inventory, which is improperly struck from the files, and he then files a plea in bar, this is a waiver of the want of notice, and authorizes a personal judgment against him.

APPEALS from the Circuit Court of Marengo.
Tried before the Hon. WM. E. CLARKE.

The records in these two cases show these facts: On the 8th February, 1890, a declaration and claim of exemption to certain personal property, consisting principally of a stock of goods, was made and filed of record in the office of the probate judge of Marengo county, by Henry T. Bledsoe. Afterwards, but on the same day, an attachment was sued out against said Henry T. Bledsoe and William Bledsoe, as partners composing the firm of Bledsoe Brothers, in favor of Gary & Kennedy as creditors. The affidavit for the attachment was subscribed by T. P. Gary, one of the plaintiffs, but his name was not mentioned in the body of the affidavit, a blank space being left instead; and it was made before Hon. JONA. HARALSON, the judge of the City Court of Selma, who thereupon issued an attachment, returnable to the next term of the Circuit Court for Marengo county. On the 10th February, 1890, the plaintiffs filed their summons and complaint in the Circuit Court of Marengo, against said Bledsoe Bros., the summons describing the defendants as "Bledsoe Brothers, a firm composed of H. T. and William Bledsoe;" and the complaint contained the several common counts, each claiming $407.22, as due January 1st, 1890. On the 15th February, 1890, an affidavit contesting the claim of exemption was made before a notary public by T. P. Gary, one of the plaintiffs, though his name is not signed to it, nor is there any indorsement showing that it was delivered to the sheriff; and plaintiffs also gave bond conditioned for the successful prosecution of the contest, which was delivered to the sheriff on the 16th February, 1890, as shown by his indorsement on it. On the 17th February, 1890, the sheriff levied the attachment on the stock of goods; and on the same day, plaintiffs having demanded that defendant file an inventory of his property, a copy of this demand was served on said H. T. Bledsoe.

At the ensuing term of the court, as shown by a minute

entry dated March 6th, 1890, the cause was "continued by operation of law;" and nothing else is shown to have been done during that term. On the 23d September, 1890, which was a day of the next succeeding term, the defendant filed an inventory of his property in response to the demand; and on the same day, the cause coming on for trial, the plaintiffs moved to strike this inventory from the file, "on the ground that it was not filed within the first three days of the term to which the process was returned;" which motion the court sustained, and the defendant excepted. "Thereupon," as the judgment-entry recites, and the bill of exceptions states, "plaintiffs moved the court to render judgment by default against said defendant;" which motion the court granted, and the defendant excepted. On a subsequent day of the term, the defendant submitted a motion in arrest of judgment, "(1) because the record fails to show that written notice of contest was ever given by the sheriff or clerk to said Henry T. Bledsoe; (2) because the record shows that the levy was made on 17th February, and court convened on March 3d following, and inventory was filed September 23d, 1890; and for the manifest defects in the record aforesaid appearing." The court overruled the motion in arrest, and the defendant excepted.

The main attachment case coming on for trial on the same day, the defendant H. T. Bledsoe "moved the court to dismiss the levy of the attachment, on the ground that the affidavit and writ of attachment fail to show that the suit is on a contract waiving exemptions, or that a contest of exemptions had been instituted;" which motion the court overruled, and said defendant excepted. The court then allowed the plaintiff to amend the attachment, by adding an indorsement by the sheriff in these words: "The claim of exemptions by the declaration of exemptions of the defendant, on file for record in the probate office of Marengo county, is contested by plaintiffs in this suit;" and to the allowance of this amendment defendants excepted. Said H. T. Bledsoe then "moved the court to dissolve the attachment, on the ground that the suit is against the property of Henry T. and William Bledsoe, partners under the firm name of Bledsoe Bros., and was levied on the property of said H. T. Bledsoe individually;" which motion the court overruled, and said Bledsoe excepted. Said H. T. Bledsoe then offered to file a plea in abatement, on the ground that the indorsement which the court had permitted the sheriff to put on the writ of attachment "was not a proper and sufficient indorsement under section 2571 of the Code;"

and permission to file this plea being refused by the court, on objection by plaintiffs, said Bledsoe excepted. The general issue being then pleaded, in short by consent, a verdict was rendered for the plaintiffs. The defendants then moved in arrest of judgment, on the grounds above stated, and further, because the attachment was void for want of authority in Judge Haralson to issue it. This motion was overruled, and the defendants excepted.

Bledsoe Brothers appeal from the judgment rendered against them in the attachment case, and assign as error the several rulings above stated; and H. T. Bledsoe also appeals from the judgment rendered against him on the contest of the claim of exemptions, assigning as error the several rulings to which he excepted.

GEO. B. JOHNSTON, for appellants.

N. H. R. DAWSON, and JNO. C. ANDERSON, *contra*.

WALKER, J.—The writ of attachment in this case was issued by the judge of the City Court of Selma, and was made returnable to the next term of the Circuit Court of Marengo county. The judge of the City Court of Selma was, by the terms of the act creating that court, and of the amendment thereto, clothed with "all the powers and jurisdiction which are now or may hereafter be lawfully exercised by the judges of the Circuit Court and chancellors of this State, including the authority to issue writs of injunction, *mandamus, certiorari,* prohibition, *ne exeat,* and all other remedial writs."—Acts of Ala. 1875–76, p. 386; Acts 1876–77, p. 266. This court has held that the language just quoted confers upon the judge of the City Court the authority to issue, or to order the issue of the writs referred to, returnable into any court of the State having jurisdiction of them. *East & West R. R. Co. v. East Tenn., Va. & Ga. R. R. Co.,* 75 Ala. 275. Under the general statute, a writ of attachment may be issued by any judge of the Circuit Court, returnable to any court in the State.—Code 1886, § 2931. The writs of attachment against property which are authorized by our statutes are remedial writs within the meaning of the language above quoted. The plain effect of that language is to confer upon the judge of the City Court of Selma the same authority to issue attachments returnable to any county in the State as is vested in the judges of the Circuit Court.

Before the levy of the writ of attachment the defendant Henry T. Bledsoe had filed in the office of the judge of pro-

bate his declaration stating and describing the personal property claimed by him as exempt, and such declaration had been duly recorded. As there was no indorsement on the process that there had been a waiver of exemptions as to personalty, the property embraced in the declaration was not subject to levy, unless the claim of exemptions was contested.—Code, § 2519; *Tonsmere v. Buckland*, 88 Ala. 312. When a contest has been instituted in the mode prescribed by section 2520 of the Code, the officer holding the process shall proceed to make a levy, and within three days thereafter shall notify the defendant in writing of the same. The last clause of this section seems to require the officer to notify the defendant of the levy only, and not of the contest; but section 2522 speaks of the service of notice of contest in such a way as to indicate that the service of such notice is required in any contest of a claim of exemption to personal property. It seems to have been the intention of the legislature that the written notice to the defendant of the levy of process upon property which he had already claimed as exempt should also operate as notice to him of the institution of a contest of his claim of exemptions. Provision is also made elsewhere for notice to the defendant in all cases of the levy of a writ of attachment.—Code, § 2937. Whether or not the contest itself should be mentioned in the written notice to the defendant, it is plain that he is not put to his defense of his claim of exemptions against process subsequently issued until he has been notified in writing of the levy of such process. A person who has duly filed his declaration claiming personal property as exempt, before the levy of process upon it, is entitled to treat the filing of such declaration as a protection of the property therein described against process upon which the fact of a waiver of exemption is not indorsed until, in the mode prescribed in the statute, he is brought into court to defend a contest of his claim of exemptions. He is made a party to the contest by the service of written notice of the levy of the process. The service of such notice is the mode prescribed by the statute of citing the defendant to appear and support his claim of exemption. The provision for giving him notice is what secures to him the opportunity to be heard upon the question of the validity of his claim. Some such provision for notice to the defendant is necessary to give the statutory proceeding for a contest in such a case the character of due process of law.—*Betancourt v. Eberlin*, 91 Ala. 461. At any rate, the requirement that notice shall be given is one not to be disregarded.

In the present case, the plaintiffs made the affidavit and

bond for a contest in the mode prescribed by section 2520 of the Code, and the writ of attachment was levied on February 17th, 1890. But there is nothing to show that the defendants were notified in writing of the levy, or that they had any actual notice thereof. The notice to the defendant H. T. Bledsoe to file an inventory makes no mention of the writ of attachment, and does not state that any process had been levied. On September 23d, 1890, he waived his right to such notice by appearing and filing his inventory. He was not in default up to that time, because he had not been served with the statutory notice of the levy, and had done nothing to waive such notice. Prior to his voluntary appearance the steps had not been taken to entitle the plaintiff to a judgment on the contest, the contestee not having been brought into court by the service of notice of the levy, which is required by the plain language of the statute.—Code, § 2520; *Fears v. Thompson*, 82 Ala. 294; *Hutcheson v. Powell*, 92 Ala. 619. On the plaintiff's written demand, a defendant who has been made a party to a contest of his claim of exemption is required, under the penalty of having a judgment by default rendered against him in the contest, to file an inventory of his personal property.—Code, § 2525. But a notice merely to file such inventory is insufficient to supply the want of the notice which is required to make the defendant a party to the contest. The law informs him that until he has received written notice of the levy of process he is not called upon to defend a contest of his previously filed declaration and claim of exemption, and until he has received such notice he can safely ignore the plaintiff's proceedings, so far as they purport to affect property already claimed as exempt. Until the defendant became a party to the contest he was not bound to comply with the plaintiff's written demand for an inventory. He did not become a party to the contest until his voluntary appearance therein at the September term of the Circuit Court. He filed the inventory on the day of his voluntary appearance. The trial court erred in striking the inventory from the files, on the ground that it had not been filed within the first three days of the previous term. The defendant had not then been put in the position to be bound by the plaintiff's demand; when he voluntary appeared he was not in default in any way, and it was incumbent on the plaintiffs to tender an issue on the claim. It was error to render judgment by default thereon against the defendant, because he was not then in default, as he had not been made a party to the contest in the mode prescribed by the statute. He had done

[Bledsoe v. Gary & Kennedy ; Bledsoe Bros. v. Gary & Kennedy.]

nothing to relieve the plaintiffs of the duty of tendering an issue on the claim of exemptions. An issue should have been formed and tried as directed by the statute.—Code, § 2526.

If there has been a waiver of exemption as to the kind of property on which the levy is sought to be made, the indorsement of that fact on the process is a pre-requisite of the right to make the levy.—Code, § 2519. If there has been no such waiver, and the right to make the levy is based upon the institution of a contest in the mode provided by section 2520 of the Code, there is no requirement that the fact of such contest shall be indorsed on the process. The defendant H. T. Bledsoe, in his plea in abatement, and in his motion to dismiss the levy of the attachment, seems to have erroneously assumed that the statute requires the fact of contest to be indorsed on the process. No such indorsement was required, and the absence thereof did not affect the validity of the levy. The indorsement made by the plaintiffs upon the writ at the time of the trial was useless and ineffectual. No injury resulted therefrom to the appellant.

The appellant's plea in abatement and his motion to dismiss the levy of the attachment were both put upon the untenable ground, that there should have been an indorsement on the writ of the fact that the claim of exemptions was contested; and for this reason both the plea and the motion were properly rejected. After these objections were disposed of, the appellant interposed a plea in bar to the complaint, without suggesting the objection that he had not been served with written notice of the levy of the attachment. He thereby waived the right to such notice, and a personal judgment could then be rendered against him, though he had not been served with any legal process at all. After a voluntary appearance and the rendition of a personal judgment thereon, the objection because of the failure to give written notice of the levy of the writ of attachment was too late. That objection was cured by the voluntary appearance of the defendant.

So far as the proceeding in the main case was concerned, we have discovered no error prejudicial to the appellant. The judgment in that branch of the case is affirmed. For the reason above stated the judgment rendered on the contest of the claim of exemptions is reversed, and that case is remanded.

Reversed and remanded.