# Lowenstein Brothers v. Martin.

*Attachment Suit.*

1. *Judge of Mobile city court; authority to issue writs of attachment returnable to any county in the State.*—The issuance of attachments returnable to any county in the State, is one of the "powers of a civil nature" of circuit court judges in this State; and under the provisions of the act "to confer civil jurisdiction upon the city court of Mobile," (Acts 1871-72, p. 109; Acts 1888–89, p. 210), conferring upon such court jurisdiction in civil causes and all powers of a civil nature exercised by the circuit courts of the State and the judges thereof, the judge of the city court of Mobile has authority to issue attachments returnable to any county in the State.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. JAMES T. JONES.

Louis Lowenstein, one of the members of the firm of Lowenstein Brothers, made an affidavit for an attachment against W. R. Martin, before O. J. Semmes, judge of the city court of Mobile, on November 19, 1892; and upon giving bond, the writ of attachment was issued by O. J. Semmes, as judge of the city court of Mobile, and made returnable to the circuit court of Choctaw county. This attachment was levied by the sheriff of Choctaw county upon certain property, as the property of W. R. Martin. Upon the trial of the cause of Lowenstein Brothers against W. R. Martin, at the Fall term, 1893, of the circuit court of Choctaw county, the defendant moved the court to quash the levy made under the attachment in said cause, "because the writ of attachment

in said cause was issued by O. J. Semmes, judge of the city court of Mobile, Alabama, who was, and is, without authority of law to issue said attachment, and said attachment is therefore void." This motion was granted by the court, and the attachment was quashed. On this appeal, prosecuted by Lowenstein Brothers, the judgment of the court granting the motion of the defendant and quashing the attachment is assigned as error.

W. F. GLOVER, for appellant.—The judge of the city court of Mobile had authority to issue attachments, and it being a legal attachment, the motion in the lower court should have been overruled.—Acts 1871-72, p. 109 ; *Bledsoe v. Gary*, 95 Ala. 70; Revised Code of 1867, § 2929 ; *Stevenson v. O'Hara*, 27 Ala. 362 ; *Matthews v. Sands*, 29 Ala. 138 ; *Flash v. Paul*, 29 Ala. 141 ; *Vann v. Adams*, 71 Ala. 475 ; Code of 1876, § 767, subdiv. 2 ; 3 Brick. Dig. 750, § 42.

. No counsel marked as appearing for appellee.

McCLELLAN, J.—Section 2 of an act "To confer civil jurisdiction upon the city court of Mobile" provides : "That from and after the passage of this act, jurisdiction in civil causes (except in actions to try titles to land) be and is hereby conferred upon the city court of Mobile county, and all powers of a civil nature now exercised by the circuit courts of the State and the judges thereof be and are hereby conferred upon the city court of said county and the judge thereof."—Acts, 1871-72, p. 109. And this section of the act of 1871-72 was re-enacted or confirmed by section 1 of the act of December 12, 1888.—Acts 1888-89, p. 210.

One of the "powers of a civil nature" of circuit judges in this State under statutes of force in 1871-72, in 1888-89 and at the present time was and is to issue attachment "returnable to any county in the State."—Code of 1867, § 2929 ; Code of 1875, § 3254 ; Code of 1886, § 2931.

And this power, along with all others of a civil nature conferred upon and exercised by the judges of the several circuit courts, was clearly, in our opinion, conferred upon the judge of the city court of Mobile by the stat-

utes we have quoted and referred to.—*E. & W. R. Co. v. E. T., V. & G. R. R. Co.*, 75 Ala. 275 ; *Bledsoe v. Gary & Kennedy*, 95 Ala. 70.

And we, therefore, hold that the circuit court erred in dismissing and quashing the writ of attachment in this case, which was issued by the judge of the city court of Mobile, and made returnable to Choctaw county, on the ground that said judge "was and is without authorty in law to issue such an attachment." Its judgment is reversed, a judgment will be here entered overruling the motion to quash the attachment, and the cause will be remanded.

Reversed, rendered and remanded.