# Hudson *v*. Wright.

## *Trover.*

1. *Courts; Decisions; Federal Courts.*—Upon the question of due process of law, the decisions of the United States Supreme Court are conclusive.

2. *Landlord and Tenant; Rent; Attachment Against Subtenant; Necessity of Notice.*—Construing together sections 2932 and 4741, Code 1907, it is held that it is necessary that the subtenant should have notice of a levy upon his crop of an attachment against the tenant, to enforce the landlord's lien, and where the record does not show that he was given such notice and an opportunity to defend a judgment rendered· therein is not only not conclusive against him but is not even prima facie evidence.

3. *Judgments; Res Adjudicata; Persons Concluded; Persons Not Parties.*—When properly invoked to that end a court will look beyond the record and treat as parties to a suit those who, in fact, took part in the litigation, whether their interference was regular or irregular.

4. *Judgment; Effect.*—A judgment is a final determination in a judicial controversy and issues of fact cannot be tendered· thereon if the judgment is valid; hence, where a replication admitted the validity of a judgment against a subtenant in attachment to enforce a landlord's lien, allegations of a waiver of the landlord's lien were no defense against the judgment.

5. *Pleadings; Admissions; Judgment.*—Where the action was trover for the conversion of certain crops grown by a subtenant and the defense set up was a judgment in attachment, rendered against the tenant to enforce the landlord's lien under which plaintiff's crop was levied on and sold, a replication alleging that the defendant waived his lien for rent as against the subtenant's part of the crop was an admission of the validity of the judgment, rendered in the attachment proceedings.

Appeal from Gadsden City Court.

Heard before Hon. John H. Disque.

Trover by Harvey Wright against F. N. Hudson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The defendant set up in the pleading that he owned a farm in Etowah county, and leased a part of said farm to J. T. Wright for the year 1906, and Wright subleased a part of his lease holding to Harvey Wright

for the same year; that on the 22d of December, 1906, Hudson sued out an attachment against J. T. Wright to enforce his landlord's lien, and had it levied upon the crop of said Wright, and the said property was taken in possession by the sheriff under the attachment proceedings. The judgment is set out. It is then averred that the crops grown by said Wright were not sufficient to satisfy Hudson's demand for rent and advances, so the attachment was levied on a part of the crops of the plaintiff, but that no more was levied upon than was necessary and sufficient to supply the deficiency, and that said crop of Harvey Wright claimed in the complaint was sold by the sheriff of Etowah county under the judgment set out. To these pleas replications were filed, setting up in effect that Hudson waived his landlord's lien for rent as against plaintiff's part of the crop. Demurrers were overruled to the replications.

GOODHUE & BLACKWOOD, for appellant.—When a statute makes provision that the estate of a party, not named as a party to a judgment, may be taken to satisfy such judgment, and if it is taken, he becomes a privy in law to that judgment.—*Merrill v. Banks,* 31 Me. 57; 1 Hermann on Estop. pp. 156; 71 Ala. 88; 23 N. E. 1042; 1 Greenl. sec. 523.

GEORGE D. MOTLEY, for appellee.—The judgment was not .binding upon the subtenant.—*Bain v. Wells,* 107 Ala. 562. The landlord waived his lien which he could do orally.—*Varner v. Ross,* 121 Ala. 603; *Napier v. Foster,* 80 Ala. 339; *Coleman v. Siler,* 74 Ala. 435; *Griggs v. Harton,* 104 S. W. 930; 16 Cyc. 805; 24 Cyc. 1272.

SAYRE, J.—It is not to be doubted that the plaintiff in this suit might have intervened for the assertion

of his rights in the attachment suit. But on the face of the record the plaintiff was not a party to the attachment suit, nor was he brought in by process or notice of any kind whatever. He is to be bound, if at all, for the sole reason that his property was taken and condemned to the payment of another's debt under the form of judicial process. Unless he is to be so bound as a party or privy to the judgment in the attachment suit, he lost no right by failing or refusing to interpose his defense in that suit. It is supposed that the effect of the statute is to make the subtenant a privy to the judgment, is to make the judgment conclusive against the subtenant of every question involved and decided, and that without any notice or monition save only the bare fact of a levy upon his property.

In *Windsor v. McVeigh,* 93 U. S. 274. 23 L. Ed. 914, said by some text-writers to be the greatest judicial deliverance on the subject, the Supreme Court of the United States quoted the language of Judge Story in the case of *Bradstreet v. Neptune Insurance Co.,* 3 Sumn. 601, Fed. Cas. No. 1,793, as follows: "It is a rule, founded in the first principles of natural justice, that a party shall have an opportunity to be heard in his defense before his property is condemned, and that the charges on which condemnation is sought shall be specific, determinate, and clear. If a seizure is made and condemnation is passed without the allegation of any specific cause of forfeiture or offense, and without any public notice of the proceedings, so that the parties in interest have no opportunity of appearing and making a defense, the sentence is not so much a judicial sentence as an arbitrary sovereign edict. It has none of the elements of a judicial proceeding, and deserves not the respect of any foreign nation. It ought to have no intrinsic credit given to it, either for its

justice or its truth, by any foreign tribunal. It
amounts to little more in common sense and common
honesty than the sentence of the tribunal which first
punishes and then hears the party. 'Castigatque, au-
ditque.' It may be binding upon the subjects of that
particular nation. But upon the eternal principles of
justice it ought to have no binding obligation upon
the rights or property of the subjects of other nations;
for it tramples under foot all the doctrines of interna-
tional law, and is but a solemn fraud, if it is clothed
with all the forms of a judicial proceeding." The court
added: "This language, it is true, is used with respect
to proceedings in rem of a foreign court; but it is
equally applicable and pertinent to proceedings in rem
of a domestic court, when they are taken without any
monition or public notice to the parties.

In *Woodruff v. Taylor*, 20 Vt. 65, the subject of pro-
ceedings in rem in our courts is elaborately consider-
ed by the Supreme Court of Vermont. And after stat-
ing that in such cases notice is given to the whole
world, but that from its nature it is to the greater part
of the world constructive only, and mentioning the
manner in which such notice is given in cases of seizure
for violation of the revenue laws, by publication of
the substance of the libel with the order of the court
thereon specifying the time and place of trial, and by
proclamation for all persons interested to appear and
contest the forfeiture claimed, the court observed that,
in every court and in all counties where judgments
were respected, notice of some kind was given, and that
it was just as material to the validity of a judgment in
rem that constructive notice at least should appear to
have been given as that actual notice should appear up-
on the record of a judgment in personam. 'A proceed-
ing,' continued the court, 'professing to determine the

right of property, where no notice, written or construc-
tive, is given, whatever else it might be called, would
not be entitled to be dignified with the name of a ju-
dicial proceeding. It would be a mere arbitrary edict,
not to be regarded anywhere as the judgment of a
court.' "

A statute of Texas gave a lien for wages to mechan-
ics and laborers on a railroad, prior to all other liens,
and authorized its enforcement by a judgment for the
sale of the railroad, and provided that it should not be
necessary to make lienholders parties defendant, but
that they might intervene and become parties. It did
not provide for any notice by publication. The Su-
preme Court of the United States refused to sustain a
proceeding under the statute as a proceeding in rem,
following *Windsor v. McVeigh* in holding that it was
essential to such a proceeding that there should at least
be constructive notice, by some form of publication or
advertisement, to adverse claimants to appear and
maintain their rights before a judgment in such a pro-
ceeding could operate even as prima facie evidence.
The question involved being a question of due process,
the decisions of that court are conclusive.

The statute provides that attachments to enforce the
landlord's lien must be tried in the same manner and
upon the same notice as other attachments.—Code
1907, § 4741. Section 2932 provides for notice in other
attachments. Such notice is adapted to inform the
parties to be effected of the pendency of the proceed-
ings, gives them opportunity to appear and defend, and
so satisfies the constitutional requirement of notice,
and relieves the judgment or decree rendered of the
odium attaching to a proceeding purely ex parte.—
*Betancourt v. Eberlin,* 71 Ala. 461; *Bledsoe v. Gary,*
95 Ala. 70, 10 South. 502. The statute makes no ex-

[Hudson v. Wright.]

press provision for notice to the subtenant in a case in which his crop is levied on to satisfy the superior landlord's lien. But the language is broad enough to cover such a case, and rather than destroy the statute on one hand, or permit the condemnation of the subtenant's crop without opportunity to be heard on the other, we think, and so hold, that its reasonable interpretation calls for notice to the subtenant in the event of a levy upon his crop.

In *Pullman Co. v. Harrison,* 122 Ala. 149, 25 South. 697, 82 Am. St. Rep. 68, it was said that, on account of the harshness and extraordinary character of the remedy by attachment, courts incline to construe the statutory provisions creating it strictly in favor of those against whom it may be employed, and this court placed the jurisdiction of courts invoked to enforce the remedy upon the same footing with courts of special and limited jurisdiction, with no presumption in their favor. And in *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268, 28 South. 640, where it appeared on the face of the record that the defendant in attachment was brought in by publication alone and it further appeared that the notice given was not the notice required by statute, this court felt constrained to hold that the judgment of condemnation was without due process of law and wholly void on its face.

The validity of the judgment of condemnation in this case depends upon notice. The record of the proceeding in the attachment suit must show that as against him the court had jurisdiction to render the judgment. It must show that the subtenant was brought into court by the statutory notice and given an opportunity to defend. This it fails to do, and as against the subtenant it is not even prima facie evidence. Nothing we have said will be taken as in derogation of the

principle, recognized by this and other courts, that. a court, upon proper invocation, will look beyond the record and treat as parties all who in fact are found to have acted a part, and this, whether their interference was irregular or not.

But the cause must be reversed nevertheless. The void judgment was set up as an answer to the complaint. Plaintiff admitted the validity of the judgment by replication in confession and avoidance. But the matter alleged could not avoid a valid judgment. A judgment is the law's last word in a judicial controversy. If the judgment is valid, no sufficient issue of fact can be tendered. If void, its nullity appears on its face, and the issue made upon it must be an issue of law. Otherwise, relief must be sought in equity. The appellee should have taken his point by demurrer to the plea; but the ruling which sustained the replication was error.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, ANDERSON and EVANS, JJ., concur.

ANDERSON, J.—While I concur in the reversal of this case, I do not wish to hold that mere notice to Harvey Wright, the subtenant, would be binding on him, unless he could have intervened and shown a waiver by the landlord, Hudson, of the lien on his part of the crop, and which I think is very questionable. Nor am I satisfied that a party whose property is improperly levied on is required to intervene or interpose a claim suit, but think this would be a cumulative remedy, which he may abandon and subsequently sue for the taking or conversion, without being estopped by the judgment in the attachment case.