# Hudson *v.* Wright.

## *Trover.*

(Decided Dec. 19, 1911.    57 South. 90.)

1. *Landlord and Tenant; Lien; Priority.*—The landlord has a lien superior . to that of one who furnishes the labor to make a crop with the agreement to divide equally with another furnishing the land and team with which to make the crop.    (Sections 4734 and 4743, Code 1907.)

2. *Appeal and Error; Review; Immaterial Question.*—Where the appellee indicated a purpose to abandon any claim on specific counts in his complaint, the overruling of demurrers to such count will not be reviewed on appeal; the court having already intimated its views of the principles controlling the controversy.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Trover by Harvey Wright against F. N. Hudson. Judgment for plaintiff and defendant appeals. Reversed and remanded.

See also same case in 164 Ala. 298; 51 South. 389, and 1 Ala. App. 433; 56 South. 258.

AMOS E. GOODHUE, and E. O. McCORD, for appellant. Counsel discuss the rulings on the pleading, but in view of the opinion it is not deemed necessary to set them out.    It is insisted that the landlord had a lien superior to plaintiff and hence, is entitled to the affirmative charge.—Sec. 4743, Code 1907; *Hudson v. Wright,* 1 Ala. App. 433; *Faust v. Rain Bros.,* 52 South. 743; *Farrer v. Wooley,* 43 South. 144; *Jordan v. Lindsey,* 132 Ala. 567.    This being true, the inferior lien holder was an unnecessary party.—*Hudson v. Wright, supra; Gravelee v. Lampkin,* 120 Ala. 210; *Forrest v. Luddington,* 68 Ala. 1; *Walker v. Bank of Mobile,* 6 Ala. 452; *Cullom v. Batre,* 2 Ala. 415.

[Hudson v. Wright.]

GEORGE D. MOTLEY, for appellee. There is no error in the record, and the cause should be affirmed.—*East v. Pace,* 57 Ala. 521; *Folmar v. Copeland,* 57 Ala. 588; *Wright v. Hudson,* 164 Ala. 298.

WALKER, P. J.—By the ruling made on the former appeal in this case (*Hudson v. Wright,* 164 Ala. 298, 51 South. 389, 137 Am. St. Rep. 55) it was determined that the plaintiff, shown by the pleadings in the case as they stood at that time to have been a subtenant of J. T. Wright, was not bound by the result of the attachment suit brought by the defendant against J. T. Wright, with which the plaintiff was not in any way connected.

On one aspect of the evidence developed on the trial of the case which is under review on this appeal, the appellee was not a subtenant of J. T. Wright, but made the crops in reference to which this suit was instituted under an agreement between him and J. T. Wright, by the terms of which the latter furnished the land, teams, etc., and the plaintiff furnished the labor, and was to receive one-half of the crops raised. On this aspect of the evidence, the plaintiff was a hireling of J. T. Wright, and had no property or interest in the crop, save that he had a lien on the crop for "the value of the portion of the crop to which he was entitled," which lien was subordinate to the 'lien of the landlord "on the crop grown on the rented lands for the rest of the current year, and for advances made in money or other thing of value," etc.—Code 1907, §§ 4734, 4743; *Hudson v. Wright,* 1 Ala. App. 433, 56 South. 258. That, as against a plaintiff, having such a relation to the subject of controversy as is indicated by the aspect of the evidence above mentioned, evidence was admissible to show that the entire crop grown on the rented

land and levied on in the attachment suit instituted by the defendant as the landlord was not sufficient to satisfy the amount due him as landlord, was ruled in the case last cited. And that the court was in error in assuming, as it did in its oral charge, that under that aspect of the evidence, the plaintiff was entitled to recover, is made manifest by what was said in the opinion rendered in that case on a similar state of facts.

The counsel for the appellee asserts in his brief, as a reason for this court's declining to review the action of the trial court in overruling demurrers to the third and fourth counts, which were added to the complaint by amendment, that those counts were withdrawn. The record does not sustain this claim; the counts of the complaint which it shows were withdrawn by the plaintiff being counts A, and B, which are not set out. But as the appellee's counsel indicates a purpose to abandon any claim based on the third and fourth counts of the complaint, and as what has been said sufficiently indicates the views of the court as to the principles applicable to the controversy between the parties, the ruling on the demurrers to these counts need not be passed upon specifically.

Reversed and remanded.