(111 So. 913)

### WISE v. MILLER et al. (6 Div. 759.)

(Supreme Court of Alabama. Jan. 13, 1927. Rehearing Denied April 14, 1927.)

**1. Judgment ⬳432—Vendee would be entitled to have decree, subjecting property to lien for debt of vendor, set aside upon clear proof of lack of opportunity to defend.**

Decree disposing of certain property rights would be set aside if complainant could give clear and convincing proof that he has been deprived of his property without opportunity to defend against bill which sought to subject property to debt of vendor.

**2. Judgment ⬳486(1)—Judgment, regular on face, cannot be collaterally attacked.**

Judgment, regular on its face, is beyond question on collateral attack.

**3. Judgment ⬳418—Record may be attacked in direct proceeding to show its falsity.**

Rule that record is conclusive evidence of its own verity is not applicable in direct proceeding instituted properly to show its falsity as to matter which, if false, shows that court pronouncing it as judgment had no jurisdiction of person of defendant, and, consequently, that what purports to be record is in fact no record at all.

**4. Constitutional law ⬳315—"Judgment without due process" is not result of judicial proceeding.**

Judgment without due process, being one against which defendant has had no opportunity to defend, is not result of judicial proceeding, though clothed with all forms of such proceeding.

**5. Judgment ⬳418, 489—Judgment may be attacked for lack of jurisdiction by showing such lack on face of record in collateral attack, or by satisfactory proof in case of direct attack.**

To attack judgment, lack of jurisdiction must properly be made to appear from face of record, in case of collateral attack, or, in case of direct attack, either on face of record or by proof satisfying court.

**6. Attorney and client ⬳14—Attorney is "officer of court."**

An attorney at law is an officer of the court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer of Court.]

**7. Judgment ⬳25—Personal judgment wanting in jurisdiction cannot be validated by fact that there has been sale under it.**

It cannot validate personal judgment, void because rendered without notice by summons or otherwise to defendants, that there has been sale under such judgment.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

8. **Corporations** ⊂⊃198—In suit to set aside judgment, complainant held to have legal title to portion of stock shares subject to voting trust.

Where complainant, owning part interest in shares of stock involved in suit to set aside decree affecting her ownership, together with all other owners, transferred such shares to trust company to be voted as unit by such company, trust company *held* to have only such title as was necessary to support trust; beneficial ownership and ultimate title being in complainant and others intrusting stock to trust company.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in the nature of a bill of review by Sallie M. Wise against N. L. Miller and others. From the decree, complainant appeals. Reversed and remanded.

Ritter, Wynn & Carmichael, W. T. White, and McClellan, Rice & Stone, all of Birmingham, for appellant.

An original bill in the nature of a bill of review will lie to impeach a judgment obtained either through fraud or where there was lack of jurisdiction of the court rendering it. Want of jurisdiction may be set up when a judgment is sought to be enforced or any benefit is claimed under it. 1 Black on Judgments, § 275; Rice v. Tobias, 89 Ala. 214, 7 So. 765; Dunklin v. Wilson, 64 Ala. 162; Secor v. Woodward, 8 Ala. 500; Stein v. Burden, 30 Ala. 270; Robinson v. Reid, 50 Ala. 69; McAdams v. Windham, 191 Ala. 287, 68 So. 51; Stubbs v. Leavitt, 30 Ala. 352; Grier v. Campbell, 21 Ala. 327; Prudential Cas. Co. v. Kerr, 202 Ala. 259, 80 So. 97; Fields v. Henderson, 161 Ala. 534, 50 So. 56; McDonald v. Cawhorn, 152 Ala. 357, 44 So. 395; Raisin Fertz. Co. v. McKenna, 114 Ala. 274, 21 So. 816; 34 C. J. 488; Mastin v. Gray, 19 Kan. 458, 27 Am. Rep. 149; Ferguson v. Crawford, 70 N. Y. 253, 26 Am. Rep. 589. A judgment or decree in personam is invalid and of no effect, which is rendered without service upon the party to be bound or without an opportunity for such person to be heard. Pennoyer v. Neff, 95 U. S. 728, 24 L. Ed. 565; Cooley's Const. Lim. 405; C., B. & Q. v. Chicago, 166 U. S. 226, 17 S. Ct. 581, 41 L. Ed. 979; Holden v. Hardy, 169 U. S. 366, 18 S. Ct. 383, 42 L. Ed. 780; Freeman on Judgments, 2459, 2473; McMinn v. Whelan, 27 Cal. 300; Dunklin v. Wilson, supra; King v. Dent, 208 Ala. 78, 93 So. 823; Kirby v. Louismann-Capen Co. (D. C.) 221 F. 271. Even in proceedings in rem the person to be concluded must be notified. Hudson v. Wright, 164 Ala. 298, 51 So. 389, 137 Am. St. Rep. 55. Appellee is not a purchaser for value without notice; the doctrine of caveat emptor applies to the sale at which

he bought. 3 Freeman on Judgments, §§ 1211, 1228; Shelton v. Tiffin, 6 How. 163, 12 L. Ed. 387; Bryant v. Williams, 21 Iowa, 329; Harshey v. Blackmarr, 20 Iowa, 161, 89 Am. Dec. 520; Turner v. Turner, 33 Wash. 118, 74 P. 55; McEachern v. Brackett, 8 Wash. 652, 36 P. 690, 40 Am. St. Rep. 922; Bland v. Bowie, 53 Ala. 152; Winter v. Montgomery Cooperage Co., 169 Ala. 628, 53 So. 905; Phillips v. Matthews, 205 Ala. 480, 88 So. 641; Patterson v. A. C. L., 202 Ala. 583, 81 So. 85; Marks v. Cowles, 61 Ala. 299.

Needham A. Graham, Jr., and Douglass P. Wingo, both of Birmingham, for appellees.

The bill of complaint here shows on its face that the record of the cause sought to be reviewed was regular, showed return of the sheriff upon the summons giving the court jurisdiction of the several defendants therein, including this appellant, and further shows appellee was a bona fide purchaser for value, having no notice of the alleged infirmity now complained of, which alleged infirmity, in the sheriff's return, was a secret vice; and said sale is not subject to be set aside on the averments of the bill. Littell v. Zuntz, 2 Ala. 256, 36 Am. Dec. 415; Ex parte Brickell, 204 Ala. 441, 86 So. 1; Reeve v. Kennedy, 43 Cal. 643; Harrison v. Hargrove, 120 N. C. 96, 26 S. E. 936, 58 Am. St. Rep. 781; 35 C. J. 81; 15 R. C. L. 724, 734; 17 A. & E. Ency. 1016; 3 Freeman on Judgments, 411; Malone v. Meres (Fla.) 109 So. 677; Thompson v. Union B. & T. Co., 204 Ala. 293, 85 So. 388; 1 Black on Judgments, 248, 327. The rule of caveat emptor does not require the purchaser at judicial sale to inquire behind the sheriff's return as to its truth or falsity. 35 C. J. 81; Hatcher v. Faison, 142 N. C. 364, 55 S. E. 285; Marks v. Cowles, 61 Ala. 299; Simmons Creek Coal Co. v. Doran, 142 U. S. 417, 12 S. Ct. 239, 35 L. Ed. 1063; 17 A. & E. Ency. 1016. Appellant has an adequate remedy at law against the sheriff for alleged false return. 5 Michie's Ala. Dig. 474; Gulf Comp. Co. v. Harris, Cortner & Co., 158 Ala. 343, 48 So. 477, 24 L. R. A. (N. S.) 399. Appellant was guilty of laches. South v. Pinion, 207 Ala. 122, 92 So. 420; 35 C. J. 69; Woodlawn R. & D. Co. v. Hawkins, 186 Ala. 234, 65 So. 183; Gayle v. Pennington, 185 Ala. 53, 64 So. 572.

SAYRE, J. Appellant, Sallie M. Wise, by her bill in this cause, an original bill in the nature of a bill of review, seeks to set aside a decree rendered in a cause entitled David J. Davis v. Sallie M. Wise and Others, whereby the interest of appellant in certain corporate stock was condemned to the payment of **the debt of Charles H. Merritt** on the ground that the same had been transferred to her by Merritt in fraud of his creditors. In the

present bill it is averred with sufficient particularity and certainty that complainant, appellant, had no notice of the suit against her by service of summons or otherwise, that she took no part in the conduct of the cause, and that she had and has a meritorious defense. Merritt, Davis, N. L. Miller, and the Birmingham Trust & Savings Company are made parties defendant. The interests of Merritt and Davis have already appeared. The trust company is made a party defendant because, it is alleged, at the time of the litigation in the original cause, to which also it was a party defendant, it held the shares of stock in controversy under a trust agreement to be noticed hereafter. As for N. L. Miller, it is averred that he became the purchaser of the stock at a sale had under and in pursuance of the decree rendered in the original cause. The bill in the present cause avers that summons in the original cause was returned by the sheriff as executed upon the defendants therein named, but there is no averment imputing to Miller knowledge or notice at any time prior to his purchase of the equity now asserted by complainant, appellant. His demurrer, setting up in various forms the defense that he was a purchaser without notice, was sustained, and from the decree to that effect this appeal is taken.

We have been led through various channels to consult many authorities supposed to bear upon the question at issue, but have found few cases precisely in point. The complaint in Dunklin v. Wilson, 64 Ala. 162, made a case very like the case at bar, and is cited in the cyclopedias and text-books to the point here under consideration. In that case the court, after an examination of the evidence, concluded that the complainant had been served with process and denied relief. But, discussing the issues made by the bill of complaint, and by most strong implication, if not expressly, conceding the equity of complainant's case there shown, the court said:

"A party sought to be concluded by a judgment or decree, must be shown to have had notice or knowledge of the suit, actual, or, in some cases, constructive; and if this notice or knowledge be wanting, the record of recovery has no binding effect. This rests on the plain principle of right, that no man shall be deprived of his goods, until an opportunity has been afforded him of making defense."

As between the parties to a decree or judgment the foregoing statement of law and justice cannot be questioned. But we have here definitely presented the case of an innocent stranger to the decree, who purchased at the sale in pursuance thereof, and now contends that, since the record of the cause in which the decree was rendered was in all respects regular on its face, showing jurisdiction of the subject-matter and of the parties, he should be protected in his purchase. Marks v. Cowles, 61 Ala. 299, is also quoted as follows:

"All purchasers must at their peril inquire into and ascertain the jurisdiction of the court."

In that case the purchaser, a party, claimed title through an erroneous decree which was reversed on appeal after his purchase. The court gave its approval to the proposition that:

"A party to an erroneous judgment or decree, purchasing at a judicial sale made under it, acquires only a defeasible title, which falls with the subsequent reversal of the judgment or decree [citing authorities.]"

Strong language, condemning judgments without notice, is quoted from Hudson v. Wright, 164 Ala. 298, 51 So. 389, 137 Am. St. Rep. 55, where it had been, in turn, quoted from the Supreme Court of the United States; but the question there discussed was whether a subtenant of agricultural lands was bound by notice to his landlord. However, the language quoted from these several adjudications by this court was quite broad enough to cover the question mooted in the present case, and, in our opinion, should be applied under the facts here appearing, and appears to have been so intended in the first named case at least.

The principal reliance for appell  is found in Reeve v. Kennedy, 43 Cal. 643, quoted at some length in the fifth edition of Freeman on Judgments, edited by Tuttle. We repeat the quotation in its most relevant part:

"As between the parties to the action, a judgment fraudulently obtained will be set aside and held for naught when the fraud is made to appear. But there would be no security in titles acquired at judicial sales if the rights of a bona fide purchaser, without notice, could be overthrown by subsequent proof that the judgment was obtained by fraud, or that the record, which showed a due service on the defendant, was in fact false. * * * No prudent person would purchase at a judicial sale, if he incurred the hazard of losing his money, in case it afterwards should be made to appear that the judgment was obtained by perjury or other fraudulent practices, or that the record on which he relied, as proving a service on the defendant, was in fact false."

These conclusions, it was said, were demanded by the repose of titles and indeed every consideration of public policy. Furthermore they were said to be too familiar to require the citation of authorities in their support—and none were cited. But in the text of the same edition it is said, "If the judgment is not void on its face, even though there may in fact have been no service of process, a bona fide purchaser under it is protected"—citing Smoot v. Judd, 184 Mo. 508, 83 S. W. 481, Pettis v. Johnson, 78 Okl. 277,

190 P. 681, and two cases from the court of Texas, and it may be conceded that the cited cases and some few cases decided in the federal courts sustain the text. The cases thus referred to all proceeded on the ground of public policy. The constitutional right of the owners of property were relegated.

The policy which would protect innocent purchasers at judicial sales must be observed in its proper applications, of course, and our cases hold that it protects innocent purchasers under judgments within the jurisdiction of the courts against errors and irregularities in the exercise of that jurisdiction. Cowles v. Marks, 61 Ala. 299; Dunklin v. Wilson, 64 Ala. 162. And in the circumstances alleged in the bill in this cause this court has from the beginning and in many cases held that a party against whom the judgment or decree has been rendered may have relief in equity against his adversary, Morgan v. Scott, Minor, 81, 12 Am. Dec. 35; Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 So. 97, and cases cited on page 261 of the report of the last-cited case. In Crafts v. Dexter, 8 Ala. 770, 42 Am. Dec. 666, the doctrine was succinctly stated in this language:

"When by an unauthorized act of an officer of court, a judgment is improperly rendered against one, without his knowledge or consent, he may be relieved in chancery, though the plaintiff in the judgment was not privy to the act of the officer."

[1-3] And our opinion now is that complainant in this cause, one of the defendants in the decree under review, upon clear and convincing proof of the facts averred in the bill, will be entitled to relief for the reason that she cannot be deprived of her property without an opportunity to defend against the bill which sought to subject it to a lien for the payment of the debt of her vendor. It is the policy of the law that there should be an end of litigation and, to that end, private hardship must in some situations give way to public convenience. But that policy assumes that the party has had an opportunity to be heard, for otherwise there has been no litigation which would invoke the policy. Moreover, the policy underlying our conclusion in this case is paramount and is founded on the fundamental law which guarantees due process. The general considerations of justice and equity which conduce to this conclusion are not far to seek and are convincingly stated in 1 Black on Judgments (2d Ed.) § 276. The section referred to is found in the chapter dealing with the collateral impeachment of judgments, but the considerations which go to sustain judgments and decrees of courts of competent jurisdiction are the same whether the attack be direct or collateral. There is, however, this difference in the method of application, a difference arising out of considerations of convenience in the administration of the law: A judgment regular on its face is beyond question on collateral attack, whereas—

"The rule that a record is conclusive evidence of its own verity is not applicable in a direct proceeding instituted for the purpose of showing its falsity as to a matter which, if false, shows that the court pronouncing it as a judgment had no jurisdiction of the person of the defendant, and, consequently, that what purports to be a record is in fact no record at all." 1 Black, § 288.

[4, 5] A judgment without due process, a judgment against which the defendant had no opportunity to defend, though clothed with all the forms of a judicial proceeding, is not the result of a judicial proceeding. To use the language of Judge Story in Bradstreet v. Neptune Insurance Co., 3 Sumn. 601, Fed. Cas. No. 1793, reproduced in Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914, and in Hudson v. Wright, supra, the result of such a proceeding is but a "solemn fraud," "is not so much a judicial sentence as an arbitrary sovereign edict," having "none of the elements of a judicial proceeding"; and that, we think, is the law of all cases, provided only the lack of jurisdiction is properly made to appear, that is, in the case of collateral attack, by the face of the record, or, in the case, as here, by direct attack, by the face of the record, affirmatively, or by proof aliunde to the satisfaction of the court.

[6] In Harshey v. Blackmarr, 20 Iowa, 161, 89 Am. Dec. 523, Judge Dillon cites quite a number of cases in which it is held that, as against a judgment rendered in a foreign jurisdiction, the party may plead in defense his ignorance of the suit and that the attorney who pretended to appear for him had no authority. In agreement with Judge Dillon, we can see no reason why the rule should not be the same in the case of foreign and domestic judgments. It will be observed also that the case here referred to brought into consideration the general subject of the power of an attorney at law, who, let it be noted, is an officer of court, to conclude these for whom, without authority, he assumes to appear and act. But—and here we speak in agreement with the editor of the fifth edition of Freeman on Judgments, § 1211—it is obvious that the reasoning on which Judge Dillon proceeded in the case of Harshey v. Blackmarr, supra, if applied to the case of a judgment rendered without notice, would lead to a result different from that stated in Reeve v. Kennedy, to which we referred when stating the argument for appellee.

[7] In Shelton v. Tiffin, 6 How. 163, 12 L. Ed. 387, again a judgment rendered on the unauthorized appearance of an attorney was drawn into question. The judgment was con-

sidered a nullity and consequently did not authorize the seizure and sale of the defendant's property. The court held that, since the judgment was void for want of jurisdiction, no right passed under the marshal's sale. Said Judge Dillon in Harshey v. Blackmarr, supra, "It cannot validate a 'judgment' void "for want of jurisdiction, that there has been a sale under it." In McEachern v. Brackett, 8 Wash. 652, 36 P. 690, 40 Am. St. Rep. 925, cases are cited from different jurisdictions to the effect that, though an innocent person may suffer, relief will be afforded against a judgment rendered on the unauthorized appearance of an attorney when it is promptly sought and the proof is clear and convincing. The same principle must apply in the case of a personal judgment rendered without notice by summons or otherwise to the defendant. As to judgments of this particular class, see an extended discussion in Pettis v. Johnston, 78 Okl. 277, 190 P. 681.

A few of the cases in other jurisdictions suggest that the injured party in cases of this sort, meaning the owner whose property has been sold, should seek his remedy against the officer making the false return. It occurs to us, as being more in consonance with principles of justice, that rather the purchaser who has been misled by such return should be remitted to his action against the officer. Again, we find it suggested that as between equal equities the legal title—that is, the title of the purchaser—should prevail. But that title in a case of these facts is nothing more than a "solemn fraud." The hypothesis of our opinion is that the true title, to be declared by the court, remains in the defendant, who has done nothing to justify a forfeiture of his property right.

[8] It is suggested that the legal title of the property in question was in the trust company. Complainant owned a part interest in the shares of stock the subject of this litigation. She and the other owners in common had transferred the stock to the trust company in trust that, for five years, it might be voted as a unit. Under this arrangement, thus briefly described, the trust company had only such title as was necessary to support the trust, nothing more. The beneficial ownership and the ultimate title, if the evidence sustains the averments of the bill in this cause, were in complainant, and, whether such averments shall be sustained or no, the legal title, for the purposes of this bill, was in her at and before the date of the decree brought into review.

It results that, in our opinion, the court erred in sustaining the demurrer to appellant's bill.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.