SHORES, Justice.
The following finding of facts was made by the trial court at the request of the appellant, Pugh:
During the early part of 1975, the State of Alabama filed, in the Probate Court of Mobile County, an eminent domain proceeding to condemn the major part of certain real property located on Moffat Road in the City of Mobile. The property was owned by Mrs. Lizzie Anderson.
On March 10, 1975, the probate court entered a judgment condemning the property and fixing an award of $75,000 for the taking of the property. The state appealed to the Circuit Court of Mobile County on March 11, 1975.
On April 17,1975, Pugh intervened in the proceeding in the circuit court, claiming that he was a lessee of all of the property under two leases from Mrs. Anderson, which leases were to terminate on September 1, 1979.
On June 10,1975, Pugh filed in the circuit court a motion seeking to join the action pending in the circuit court with an unlawful detainer action which Mrs. Anderson had filed against Pugh in the Inferior Civil Court of Mobile County on May 29, 1975. Judgment in the unlawful detainer action was rendered in favor of Mrs. Anderson in the inferior court on June 11, 1975, and Pugh appealed the adverse judgment against him to the circuit court.
On November 12, 1975, by agreement of all the parties concerned, Mrs. Anderson and Pugh, an order was signed by the circuit judge in the condemnation case reducing the award made in the probate court from $75,000 to $70,000. Subsequently, Mrs. Anderson was permitted by order of the circuit court to withdraw $40,000 of this amount, leaving $30,000 to be paid to the party or parties entitled thereto.
On December 19, 1975, a summary judgment was rendered in favor of Mrs. Anderson in the unlawful detainer action appealed from the inferior court, upholding the judgment of that court ordering the evic *680 tion of Pugh from the property. No appeal was taken by Pugh from the judgment of the circuit court upholding the judgment of eviction.
In June, 1976, the court entered judgment in the condemnation case ordering the remaining $30,000 of the award paid to Mrs. Anderson. The appeal by Pugh is from that judgment.
Mr. Pugh contends that the trial court erred in failing to award him any amount for his leasehold interest in the condemned property.
The thrust of Pugh’s argument is that Mrs. Anderson lost all right to evict him from the premises when the state filed its petition for condemnation. He concedes that he paid no rent on the premises after April 9, 1975, but he argues that the landlord lost all right to any rent after the condemnation proceeding was commenced and that, therefore, the unlawful detainer suit was groundless in that Mrs. Anderson had no right to evict him. Mr. Pugh made these same arguments in the unlawful de-tainer action in both the Inferior Civil Court of Mobile County and the Circuit Court of Mobile County. Both courts ruled adversely to him and in favor of Mrs. Anderson. Mr. Pugh did not appeal from the judgment rendered in the circuit court on December 19, 1975, which held that Pugh’s right of possession of the premises terminated on April 9,1975, for failure to pay the rent provided for in the two leases. The trial court specifically took judicial notice of the record in the unlawful detainer case, and specifically noted that no appeal had been taken from that judgment.
It had been judicially determined that Pugh had no interest in the property by virtue of the two leases as of April 9, 1975. He, therefore, had no standing to intervene in the condemnation proceeding when he attempted to do so on April 17, 1975.
The only basis of a claim by Pugh to any of the condemnation award was his status as a lessee of the property, and his assertion that Mrs. Anderson had no right to oust him from the premises in the unlawful de-tainer action. This amounts to no more than a collateral attack on the judgment of the court in the unlawful detainer action. A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 25 So.2d 511 (1946); Wise v. Miller, 215 Ala. 660, 111 So. 913 (1927). Pugh’s remedy was by appeal from the judgment entered against him in the unlawful detainer action. His only explanation for not pursuing that remedy was that the building burned down in the summer of 1975. We cannot agree with him that this event rendered the question of Mrs. Anderson’s right to maintain the action moot.
We find no error to reverse and, therefore, affirm the trial court.
AFFIRMED.
HEFLIN, C. J., and MADDOX, JONES and BEATTY, JJ., concur.